# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CRAIG BREWER, individually and on behalf of all similarly situated persons,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

Case No. 1:25-cv-00904-CCE-JLW

**REPLY IN SUPPORT OF DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION TO DISMISS AND STRIKE CLASS ALLEGATIONS OR, IN THE ALTERNATIVE, TO COMPEL APPRAISAL AND STAY THE ACTION**

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................ 1

ARGUMENT .............................................................................................................................. 2

       A.      The Court Should Compel Appraisal and Stay the Suit Pending Appraisal. .......... 2

       B.      Plaintiff's Case Is About ACV, Which Resolves His Breach of Contract and UDTPA Claims. ...................................................................................... 5

       C.      Plaintiff's Reliance on the Total-Loss Regulation Does Not Save His Case. ................................................................................................................. 7

       D.      *Freeman*—Not *Franco*—Governs and Requires Striking Plaintiff's Class Allegations. ................................................................................................... 9

CONCLUSION ......................................................................................................................... 10

# TABLE OF AUTHORITIES

**CASES** Page(s)

*Affinity Living Grp., LLC v. Starstone Specialty Ins. Co.*,
  2020 U.S. Dist. LEXIS 223446 (M.D.N.C. Nov. 12, 2020) ....................................................... 7

*Baehr v. Creig Northrop Team, P.C.*,
  953 F.3d 244 (4th Cir. 2020) .................................................................................................... 4

*Bibbs v. Allstate Ins. Co.*,
  2024 U.S. Dist. LEXIS 161137 (N.D. Ohio Sep. 9, 2024) ........................................................ 3

*Birtha v. Stonemor, N.C., LLC*,
  727 S.E.2d 1 (N.C. Ct. App. 2012) ........................................................................................... 7

*Broussard v. Meineke Disc. Muffler Shops*,
  155 F.3d 331 (4th Cir. 1998) .................................................................................................... 7

*Cudd v. State Farm Mut. Auto. Ins. Co.*,
  2024 U.S. App. LEXIS 320 (11th Cir. Jan. 5, 2024) ................................................................. 3

*Ehrenhaus v. Baker*,
  717 S.E.2d 9 (N.C. Ct. App. 2011) ........................................................................................... 4

*Fortson v. Garrison Property & Casualty Insurance Co.*,
  2019 U.S. Dist. LEXIS 187036 (M.D.N.C. Oct. 29, 2019) ....................................................... 2

*Fortson v. Garrison Property & Casualty Insurance Co.*,
  2022 U.S. Dist. LEXIS 14520 (M.D.N.C. Jan. 13, 2022) ......................................................... 9

*Franco v. Progressive Cas. Ins. Co.*,
  2025 U.S. Dist. LEXIS 92796 (M.D.N.C. May 14, 2025) .................................................... 3, 8

*Freeman v. Progressive Direct Ins. Co.*,
  149 F.4th 461 (4th Cir. 2025) ................................................................................................. 10

*Golla v. Allstate Ins. Co.*,
  2025 U.S. Dist. LEXIS 191202 (N.D. Ohio Sep. 29, 2025) ...................................................... 3

*Long v. State Dep't of Human Res.*,
  548 S.E.2d 832 (N.C. Ct. App. 2001) ....................................................................................... 8

*Nichols v. State Farm Mut. Auto. Ins. Co.*,
  2023 U.S. Dist. LEXIS 237177 (S.D. Ohio July 21, 2023) ....................................................... 2

*Nichols v. State Farm Mut. Auto. Ins. Co.*,
 634 F. Supp. 3d 426 (S.D. Ohio 2022) ...................................................................................2

*O'Leary v. Trustedid, Inc.*,
 60 F.4th 240 (4th Cir. 2023) ....................................................................................................4

*Phillips v. Garrison Prop. & Cas.*,
 2020 U.S. Dist. LEXIS 104094 (N.D. Ala. May 12, 2020) ......................................................3

*Thompson v. Int'l Paper Co.*,
 795 S.E.2d 615 (N.C. Ct. App. 2017) ......................................................................................9

*Warren v. Cielo Ventures, Inc.*,
 901 S.E.2d 437 (N.C. Ct. App. 2024) ......................................................................................7

*Wiggins v. State Farm Mut. Auto. Ins. Co.*,
 2022 U.S. Dist. LEXIS 112081 (D.S.C. June 23, 2022)...........................................................3

*Wiggins v. State Farm Mut. Auto. Ins. Co.*,
 684 F. Supp. 3d 452 (D.S.C. 2023)......................................................................................3, 4

*Wright v. Lowe's Home Ctrs., LLC*,
 2025 U.S. Dist. LEXIS 179613 (W.D.N.C. Sep. 15, 2025)......................................................5

**STATUTES**

N.C.G.S. § 75-1.1......................................................................................................................7

**OTHER AUTHORITIES**

11 N.C. Admin. Code § 4.0418 ............................................................................................8, 9

# INTRODUCTION

Plaintiff's response demonstrates that he cannot avoid the legal effect of his insurance contract's (the "Policy") appraisal language. Once appraisal has been demanded by either party (and there is no dispute that State Farm has demanded appraisal here), both parties must submit to appraisal, which in turns results in the binding determination of actual cash value ("ACV").

Further, nothing in Plaintiff's opposition rebuts the fact that this lawsuit is about the ACV of Plaintiff's total-loss vehicle. This undisputed fact is evidenced by, among other things, the alleged economic injury (i.e., that State Farm somehow paid him and putative class members less than the ACV of their vehicles) and Plaintiff's breach of contract claim. Plaintiff and State Farm would be strangers but for the existence of the Policy. Neither the Policy, nor any North Carolina law or regulation, obligates State Farm to use—or not use—any particular methodology in determining the ACV of Plaintiff's or any other North Carolina insureds' vehicle. Indeed, the only relevant contractual requirement is that State Farm pay ACV. State Farm owes no methodological duty to Plaintiff.

The Court should dismiss the case outright for the reasons stated below and in State Farm's opening brief, or in the alternative grant State Farm's request to compel appraisal and stay the case. Finally, at a minimum, the Court should strike the class allegations because Fourth Circuit precedent forecloses the possibility of class certification in valuation disputes like this one.

1

# ARGUMENT

A. **The Court Should Compel Appraisal and Stay the Suit Pending Appraisal.**

Plaintiff does not—and cannot—dispute that his Policy provides in part: "[i]f [State Farm] and you do not agree on the amount of loss, either may demand an appraisal of the loss." ECF 11-2, Policy Booklet, at 16. There is nothing unclear about this language. "A decision agreed to by any two [of the three appraisers] **will be binding**." *Id*. (emphasis added). Regardless of whether participating in appraisal constitutes a condition precedent to filing suit, there is now (by virtue of Plaintiff's decision to file this lawsuit) a dispute over ACV, and appraisal is mandatory because State Farm has demanded it.

Ignoring this Court's decision to compel appraisal in *Fortson v. Garrison Property & Casualty Insurance Co.,* 2019 U.S. Dist. LEXIS 187036 (M.D.N.C. Oct. 29, 2019)*,* the best that Plaintiff can do is cite an out-of-circuit district court case. *See Nichols v. State Farm Mut. Auto. Ins. Co.*, 634 F. Supp. 3d 426 (S.D. Ohio 2022). But even this single case from a distant federal district court does not help Plaintiff. State Farm later renewed its motion to compel appraisal, which the *Nichols* court granted, reversing its prior holding and unequivocally stating that "the appraisal is mandatory upon State Farm's written request." *Nichols v. State Farm Mut. Auto. Ins. Co*., 2023 U.S. Dist. LEXIS 237177, at *3–4 (S.D. Ohio July 21, 2023). The majority of federal courts analyzing similar policy language have held similarly.[1] *See*, *e.g., Fortson,* 2019 U.S. Dist. LEXIS 187036, at *7;

---

[1] Plaintiff's citation to the Court's class certification decision in *Franco*—a case which did not involve appraisal and which is the subject of a pending Rule 23(f)

*Wiggins v. State Farm Mut. Auto. Ins. Co.*, 2022 U.S. Dist. LEXIS 112081, at *10 (D.S.C. June 23, 2022); *Bibbs v. Allstate Ins. Co.*, 2024 U.S. Dist. LEXIS 161137, at *35–36 (N.D. Ohio Sep. 9, 2024); *Golla v. Allstate Ins. Co.*, 2025 U.S. Dist. LEXIS 191202, at *13–16 (N.D. Ohio Sep. 29, 2025); *Cudd v. State Farm Mut. Auto. Ins. Co.*, 2024 U.S. App. LEXIS 320, at *7–8 (11th Cir. Jan. 5, 2024); *Phillips v. Garrison Prop. & Cas.,* 2020 U.S. Dist. LEXIS 104094, at *60–61 (N.D. Ala. May 12, 2020). Here, likewise there can be no dispute based on the plain language of Plaintiff's Policy that once appraisal has been invoked by either of the parties, then appraisal is mandatory and any award agreed upon by two of the three appraisers "**will be binding**." ECF 11-2, Policy Booklet, at 16 (emphasis added).

Plaintiff does not dispute that other courts, including the district court in *Wiggins*, have ordered appraisal and a stay in circumstances like those alleged here. Instead, Plaintiff tries to rewrite *Wiggins*, arguing that the court-ordered stay was unnecessary because the court later determined appraisal had not resolved the entire dispute, and that "[o]stensible damages" remained. ECF 14 ("Opp.") at 22 (citing *Wiggins v. State Farm Mut. Auto. Ins. Co.*, 684 F. Supp. 3d 452, 458 (D.S.C. 2023)). Plaintiff, however, cannot skip over

---

appeal—does not support his argument. Opp. at 6–7. Here, Plaintiff must participate in appraisal once it has been demanded by State Farm, as required by the Policy. The *Franco* court briefly addressed a standing argument in context of the predominance inquiry, which is not relevant to State Farm's motion to dismiss. *Franco v. Progressive Cas. Ins. Co.*, 2025 U.S. Dist. LEXIS 92796, at *22 (M.D.N.C. May 14, 2025).

Nor can Plaintiff avoid appraisal on account of his statutory and regulatory claims for the reasons discussed in Sections B and C below. In the alternative, a stay would still be appropriate here because it is most efficient to stay the entirety of this case pending appraisal to avoid potentially disjointed discovery and scheduling orders.

3

Case 1:25-cv-00904-CCE-JLW    Document 16    Filed 12/30/25    Page 7 of 17

mandatory appraisal just because the court in *Wiggins* hypothesized regarding other potential claims outside of the plaintiff's complaint. And Plaintiff has not even alleged any "[o]stensible damages" here. *See generally* ECF 1, Compl. The language of the Policy makes clear that no alleged damages can arise from the costs of the appraisal process.[2] ECF 11-2, Policy Booklet, at 16 ("Each party will: 1. Pay its chosen appraiser; and 2. Bear the expenses of the appraisal and umpire equally."). *Wiggins* acknowledged, moreover, ACV will be "purportedly [] satisfied by Defendants' payment following appraisal." 684 F. Supp. 3d at 458. That same result obtains here; namely, if an appraisal award should result in a higher ACV amount, then State Farm will promptly pay any difference to Plaintiff, thereby fully satisfying its contractual obligations to Plaintiff and eliminating any potential claim. The Court should compel appraisal and stay the suit pending completion of the appraisal.

Further, once appraisal is complete and ACV has been fixed, as a matter of law Plaintiff will have no possible injury-in-fact, which dooms his claims under Article III. The statutory and regulatory claims are of no help to Plaintiff, as those claims are "divorced" from any actual injury-in-fact and constitute only "bare [alleged] procedural violation[s]." *Baehr v. Creig Northrop Team, P.C.*, 953 F.3d 244, 252 (4th Cir. 2020); *O'Leary v. Trustedid, Inc.*, 60 F.4th 240, 243 (4th Cir. 2023) ("[U]nder Article III, an injury in law is

---

[2] The American Rule precludes recovery of attorney's fees, *Ehrenhaus v. Baker*, 717 S.E.2d 9, 32 (N.C. Ct. App. 2011), and the Policy does not permit the recovery of fees or costs. *See generally* ECF 11-2, Policy Booklet.

4

Case 1:25-cv-00904-CCE-JLW    Document 16    Filed 12/30/25    Page 8 of 17

not an injury in fact." (internal quotation marks omitted)); *Wright v. Lowe's Home Ctrs., LLC*, 2025 U.S. Dist. LEXIS 179613, at *15, *18 (W.D.N.C. Sep. 15, 2025) (concluding plaintiffs did not have standing based on "intangible harm of enduring a statutory violation" under various consumer protection statutes because "an allegation of exposure to an alleged statutory violation, without more, does not create standing" (internal quotation marks omitted)). Bare alleged procedural violations do not confer Article III standing.

**B.      Plaintiff's Case Is About ACV, Which Resolves His Breach of Contract and UDTPA Claims.**

Plaintiff argues at great length that this case is somehow about something other than ACV. But Plaintiff's Complaint and response brief underscore that the core question in this case is whether State Farm paid ACV in connection with Plaintiff's total-loss claim. Plaintiff alleges in the Complaint that comparable vehicles were improperly adjusted so his total-loss settlement was too low. Compl. ¶ 60. Put differently, and per the Complaint's allegations, the condition adjustment (as applied to comparable vehicles) is part of the determination of ACV. The CCC report (attached to the Complaint) shows that the comparable vehicles helped inform Plaintiff's total-loss settlement. ECF 1 at 27 (describing the Valuation Methodology as including a "Search for Comparables" used to "Calculate Base Vehicle Value"). Thus, when the actual allegations of the Complaint are fairly construed, the only relief Plaintiff actually seeks is ACV, which is what State Farm is obligated to pay under the Policy. *See* Compl. ¶¶ 2, 4, 27, 42, 49, 60, 86, 91.

Plaintiff's opposition further confirms that the suit is an ACV dispute. For example:

5

- "Mr. Brewer's Chapter 75 claims are based on State Farm's systemic reduction of the retail cost of comparable vehicles *when calculating the actual cash value of a totaled vehicle* [which] caus[ed] claimants to *receive less for the payment of their claims*." Opp. at 6 (emphasis added).

- "[A]pplying condition adjustments to comparable vehicles artificially deflates their values, resulting in a *systematically undervalued starting baseline for determining the insured's vehicle's ACV*." Opp. at 10 (emphasis added).

- "[Plaintiff's] Chapter 75 claims are based on State Farm's systemic reduction of the retail cost of comparable vehicles when *calculating the actual cash value of a totaled vehicle . . . causing claimants to receive less than the actual cash value of their vehicles*." Opp. at 14 (emphasis added).

- "Brewer's Chapter 75 class claim is based on State Farm's systemic reduction of the retail cost of comparable vehicles *when calculating the actual cash value of a totaled vehicle*." Opp. at 20 (emphasis added).

Because this suit boils down to an ACV dispute, at least two conclusions necessarily follow:

***First***, Plaintiff's breach of contract claim should be dismissed. Appraisal is the contractually provided-for means for resolving disputes about ACV now that appraisal has been demanded by State Farm. This fits with *Fortson*, a case about "vehicle valuation." Opp. at 9.

***Second***, Plaintiff's Unfair and Deceptive Trade Practices Act ("UDTPA") claims should be dismissed. The existence of a contract alone may not automatically "preclude Chapter 75 claims," Opp. at 12, but when a case is fundamentally a contract dispute (as this suit is), a UDTPA claim fails as a matter of law absent "substantial aggravating circumstances." *Affinity Living Grp., LLC v. Starstone Specialty Ins. Co.*, 2020 U.S. Dist. LEXIS 223446, at *4 (M.D.N.C. Nov. 12, 2020). Plaintiff has not, and cannot, allege any aggravating circumstances that would support a viable UDTPA claim. Plaintiff's only case cited in support of his UDTPA claims, *Warren v. Cielo Ventures, Inc.*, 901 S.E.2d 437, 440 (N.C. Ct. App. 2024), has no relevance here as that case held only that a contractual provision did not shorten the statute of limitations for a UDTPA claim.

Plaintiff's efforts to distinguish other on-point authorities also fail as "North Carolina law limit[s] the circumstances under which an ordinary contract dispute can be transformed into a tort action," *Broussard v. Meineke Disc. Muffler Shops*, 155 F.3d 331, 345 (4th Cir. 1998) and "a mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under N.C.G.S. § 75-1.1," *Birtha v. Stonemor, N.C., LLC*, 727 S.E.2d 1, 10 (N.C. Ct. App. 2012). Plaintiff's UDTPA claims should be dismissed.

**C. Plaintiff's Reliance on the Total-Loss Regulation Does Not Save His Case.**

Plaintiff's reliance on North Carolina's total-loss regulation to distinguish *Fortson* also misses the mark. Opp. at 14. Plaintiff does not cite any case expressly holding that an alleged violation of the total-loss regulation gives rise to a consumer protection claim under

7

the UDTPA.[3] Nor has Plaintiff addressed the fact that there is no private right of action found in the total-loss regulation itself. To the contrary, the regulation specifies that enforcement power for the total-loss regulation is vested in *the Commissioner*. 11 N.C. Admin. Code § 4.0418(a). Given North Carolina courts' policy of "disfavor[ing]" implied rights of action, there is no basis as a matter of law for allowing Plaintiff's claims to continue based on the total-loss regulation. *Long v. State Dep't of Human Res.*, 548 S.E.2d 832, 834 (N.C. Ct. App. 2001).

Even if Plaintiff could overcome these fundamental barriers to asserting a UDTPA claim based on the total-loss regulation, Plaintiff still *cannot* overcome the fact that nothing in the text of the total-loss regulation precludes making a condition adjustment as to comparable vehicles. *See generally* 11 N.C. Admin. Code § 4.0418. Plaintiff argues that subsection (e) forbids condition adjustments as to comparable vehicles, Opp. at 10, but on its face subsection (e) does not say anything about comparable vehicles. Indeed, that subsection supports State Farm's position and provides that "[t]he settlement offer may be adjusted for condition."[4] 11 N.C. Admin. Code § 4.0418(e). Thus, Plaintiff's argument

---

[3] Plaintiff cites only general discussions of *per se* violations of the UDTPA based on alleged statutory and regulatory violations—and not any case holding that an alleged violation of the total-loss regulation gives rise to a *per se* violation. Opp. at 13–14 (quoting, but improperly citing, *Franco* 2025 U.S. Dist. LEXIS 92796, at *7).

[4] The "settlement offer" is further discussed in subsection (d), which contemplates circumstances where the insured and insurer "are **unable to reach an agreement** as to **the actual cash value**." 11 N.C. Admin. Code § 4.0418(d) (emphases added). Because State Farm has demanded appraisal, however, ACV will be fixed by appraisal pursuant to the terms of the Policy. *See* Section A.

8

contradicts "one of the most basic rules of statutory interpretation"—"that courts may not delete or add words to clear statutory language." *Thompson v. Int'l Paper Co.*, 795 S.E.2d 615, 622 (N.C. Ct. App. 2017). Moreover, State Farm has complied with the itemization and documentation requirements of subsection (h) in the CCC report.[5] *See* ECF 1 at 26–44 (containing the CCC report's description of the various considerations and adjustments that informed the valuation of Plaintiff's total-loss vehicle, including the condition adjustment); *see also* 11 N.C. Admin. Code § 4.0418(h) (requiring in part that deductions be "itemized").

In sum, Plaintiff's claims based on the total-loss regulation must be dismissed.[6]

D. ***Freeman*—Not *Franco*—Governs and Requires Striking Plaintiff's Class Allegations.**

As to State Farm's request to strike the class allegations, Plaintiff argues that the Court should follow its decision in *Franco* (which is currently the subject of a Rule 23(f) appeal) rather than the Fourth Circuit's holding in *Freeman*. Plaintiff, however, admits that his UDTPA claims are "based on State Farm's systemic reduction of the retail cost of comparable vehicles **when calculating the actual cash value of a totaled vehicle**." Opp.

---

[5] Contrary to Plaintiff's argument, Opp. at 18, this Court has recognized that the use of CCC reports are consistent with North Carolina law on total-loss settlements. *Fortson v. Garrison Prop. & Cas. Ins. Co.*, 2022 U.S. Dist. LEXIS 14520, at *14–15 (M.D.N.C. Jan. 13, 2022).

[6] Nor does the Unfair Claims Settlement Practices Act ("UCSPA") provide a basis for Plaintiff's UDTPA claims. Plaintiff's defense of his UCSPA claims merely restate his Complaint and ignores that the Court in *Fortson* found nearly identical allegations to be insufficient under the UCSPA. *See* ECF 11 ("Mot."), at 16–19.

9

at 20 (emphasis added). This is the exact issue the Fourth Circuit held in *Freeman* was inappropriate for class-wide resolution: whether insureds were paid ACV "depend[s] on the unique characteristics of each vehicle [and] the public demand for that type and condition of vehicle in the immediate market where the insured lived." *Freeman v. Progressive Direct Ins. Co.*, 149 F.4th 461, 469 (4th Cir. 2025).

Plaintiff also contends that "the Fourth Circuit has not yet addressed the appropriateness of class certification . . . based on violations of state regulations, but *many courts* have already determined the distinction, finding that this type of case is appropriate for class treatment." Opp. at 20. But Plaintiff cites only *Franco*, a decision reached before the Fourth Circuit's holding in *Freeman*, which held that suits involving ACV—that is, what Plaintiff's case is unquestionably about, *see* Section B—are "highly individualized assessment[s]" dependent on "unique characteristics" and "public demand." *Freeman*, 149 F.4th at 469. Finally, as explained in State Farm's opening brief, *Freeman*'s holding is consistent the majority of circuits (i.e., in addition to the Fourth Circuit, the Third, Fifth, Seventh, and Ninth Circuits) in rejecting class-wide treatment of total-loss suits. *See* Mot. at 20–21.

## **CONCLUSION**

For all the reasons in State Farm's motion to dismiss and in this reply, the Court should dismiss this case with prejudice and/or, at a minimum, strike the class allegations, or, in the alternative, the Court should compel appraisal and stay this action pending appraisal.

10

Date: December 30, 2025

Respectfully submitted,

**ALSTON & BIRD LLP**

*/s/ Matthew P. McGuire*
Matthew P. McGuire
N.C. State Bar No. 20048
555 Fayetteville St., Suite 600
Raleigh, NC 27601
Telephone: (919) 862 2279
matt.mcguire@alston.com

Daniel F. Diffley
Georgia Bar No. 221703
Blake M. Simon
Georgia Bar No. 894927
Melissa G. Quintana
Georgia Bar No. 891573
1201 W. Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
dan.diffley@alston.com
blake.simon@alston.com
melissa.quintana@alston.com

***Counsel for State Farm Mutual Automobile Insurance Company***

# CERTIFCATE OF COMPLIANCE: WORD COUNT

I hereby certify, pursuant to Local Rule 7.3(d)(1), as counsel for State Farm Mutual Automobile Insurance Company, that the foregoing brief, does not contain more than 3,125 words. The word count feature of word processing software was relied on to make this certification.

Date: December 30, 2025

Respectfully submitted,

/s/ *Matthew P. McGuire*
**ALSTON & BIRD LLP**
555 Fayetteville St., Suite 600
Raleigh, NC 27601
Telephone: (919) 862-2279
matt.mcguire@alston.com

*Counsel for State Farm Mutual Automobile Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2025, a true and correct copy of the foregoing was filed with the Clerk of the Court by using the CM/ECF system, which will send a copy to all counsel of record.

Date: December 30, 2025

Respectfully submitted,

/s/ *Matthew P. McGuire*
**ALSTON & BIRD LLP**
555 Fayetteville St., Suite 600
Raleigh, NC 27601
Telephone: (919) 862-2279
matt.mcguire@alston.com

***Counsel for State Farm Mutual Automobile Insurance Company***