# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CRAIG BREWER, individually and on
behalf of all similarly situated persons,

      Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.

Case No. 1:25-cv-00904-CCE-JLW

## STATE FARM'S ANSWER TO CLASS ACTION COMPLAINT

Defendant State Farm Mutual Automobile Insurance Company ("State Farm" or "Defendant") hereby responds and answers the allegations of Plaintiff's Complaint. *See* ECF No. 1. Except as expressly admitted in this Answer below, State Farm denies all of Plaintiff's allegations.

## INTRODUCTION

1.    State Farm admits that Plaintiff purports to represent State Farm insureds in North Carolina who received a payment for the loss of a totaled vehicle where State Farm used valuation reports prepared by CCC One ("CCC") to help determine the actual cash value of total loss vehicles. State Farm further admits that Plaintiff purports to bring this case as a class action under Fed. R. Civ. P. 23 but denies that this case is appropriate for class certification or class treatment and denies any remaining allegations contained in Paragraph 1 of the Complaint.

1

2. State Farm admits that Plaintiff seeks declaratory relief, compensatory damages, and other appropriate remedies. State Farm denies that Plaintiff is entitled to any relief sought. State Farm denies any remaining allegations in Paragraph 2 of the Complaint.

3. State Farm admits solely that Exhibit A to the Complaint reflects a CCC One Market Valuation Report presented to Plaintiff in his total loss settlement. State Farm denies any remaining allegations in Paragraph 3 of the Complaint.

4. State Farm denies the allegations in Paragraph 4 of the Complaint.

5. State Farm admits that Plaintiff purports to represent State Farm insureds in North Carolina but denies Plaintiff or the putative class is entitled to any relief sought. State Farm further denies that this case is appropriate for class certification or class treatment. State Farm admits that Plaintiff brings an individual breach of contract claim, but denies Plaintiff is entitled to any relief and denies any remaining allegations in Paragraph 5 of the Complaint.

## PARTIES

6. State Farm is without knowledge or information about the residency of Plaintiff. State Farm admits that Plaintiff had an automobile insurance contract with State Farm. State Farm admits that Plaintiff purports to represent State Farm insureds in North Carolina and brings this case as a class action under Fed. R. Civ. P. 23 but denies that this case is appropriate for class certification or class treatment. State Farm denies any remaining allegations in Paragraph 6 of the Complaint.

7.      State Farm admits that it is an insurance company that is licensed with the North Carolina Department of Insurance and that State Farm's principal place of business is in Bloomington, Illinois.

## JURISDICTION AND VENUE

8.      State Farm admits solely that it conducts business and has North Carolina customers as insureds and that jurisdiction is proper in this Court. State Farm denies that it committed any "wrongful acts" or "conduct upon which the claims are based." State Farm further denies that this case is appropriate for class certification or class treatment. State Farm denies any remaining allegations in Paragraph 8 of the Complaint.

9.      State Farm admits that it is a citizen of a state different from Plaintiff and that the proposed class contains more than 100 members. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, Plaintiff's allegations as to the amount-in-controversy. State Farm denies that this case is appropriate for class certification or class treatment and denies any remaining allegations in Paragraph 9 of the Complaint.

10.      State Farm admits that venue is proper in this Court for the claims currently asserted by the named Plaintiff, but denies any remaining factual allegations in Paragraph 10 of the Complaint.

## FACTUAL ALLEGATIONS

11.     State Farm admits solely that it is an automobile insurance carrier in the United States and in North Carolina and that it insures millions of customers nationwide. State Farm denies any remaining allegations in Paragraph 11 of the Complaint.

12.     State Farm admits solely that it conducts business in North Carolina and pays total loss claims for North Carolina insureds pursuant to the terms of their respective insurance policies. State Farm denies any remaining allegations in Paragraph 12 of the Complaint.

13.     State Farm admits solely that, historically, and in some states, the total loss settlement process may include obtaining a report from CCC and that CCC provides State Farm valuation services through the CCC One platform. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, any remaining allegations in Paragraph 13 of the Complaint.[1]

14.     State Farm admits solely that, historically, and in some states, the total loss settlement process may include obtaining a report from CCC and that CCC provides State Farm valuation services through the CCC One platform. State Farm denies any remaining allegations in Paragraph 14 of the Complaint.

15.     State Farm admits that, historically, and in some states, the total loss settlement process sometimes includes obtaining a report from CCC and that sometimes,

---

[1] State Farm admits that CCC Information Services Inc. is alternatively referred to as CCC Intelligent Solutions Inc.

CCC provides State Farm valuation services through the CCC One platform. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, any remaining allegations in Paragraph 15 of the Complaint.

16.     State Farm denies the allegations in Paragraph 16 of the Complaint.

17.     The allegations in Paragraph 17 of the Complaint pertain to a written document that speaks for itself. State Farm denies any allegation in Paragraph 17 that contradicts or is inconsistent with that document. State Farm denies any remaining allegations in Paragraph 17 of the Complaint.

18.     The allegations in Paragraph 18 of the Complaint pertain to a written document that speaks for itself. State Farm denies any allegation in Paragraph 18 that contradicts or is inconsistent with that document. State Farm denies any remaining allegations in Paragraph 18 of the Complaint.

19.     State Farm denies the allegations in Paragraph 19 of the Complaint.

20.     The allegations in Paragraph 20 of the Complaint pertain to a written document that speaks for itself. State Farm denies any allegation in Paragraph 20 that contradicts or is inconsistent with that document. State Farm denies any remaining allegations in Paragraph 20 of the Complaint.

### Plaintiff's Total Loss Claim

21.     Upon information and belief, State Farm admits the allegations in Paragraph 21 of the Complaint.

22.     State Farm admits the allegations in Paragraph 22 of the Complaint.

5

23.     State Farm admits that Plaintiff filed a claim in May 2023 for damage to the 2021 Genesis resulting from the April 24, 2023 accident. State Farm denies any remaining allegations in Paragraph 23 of the Complaint.

24.     State Farm admits that it determined Plaintiff's 2021 Genesis was a total loss. State Farm also admits that the total loss settlement process for Plaintiff included obtaining a report from CCC and CCC provided State Farm valuation services through the CCC One platform to assist its claim handlers in estimating the actual cash value of Plaintiff's vehicle. Except as expressly admitted, State Farm denies any remaining allegations in Paragraph 24 of the Complaint.

25.     State Farm admits that State Farm "presented" Plaintiff the CCC One Market Valuation Report. The remaining allegations in Paragraph 25 of the Complaint pertain to a written document that speaks for itself. State Farm denies any allegation in Paragraph 25 that contradicts or is inconsistent with that document.

26.     The allegations in Paragraph 26 of the Complaint pertain to a written document that speaks for itself. State Farm denies any allegation in Paragraph 26 that contradicts or is inconsistent with that document. State Farm admits that the CCC One Market Valuation Report valued Plaintiff's loss at $56,772.00 and that State Farm paid Plaintiff this amount. State Farm denies any remaining allegations in Paragraph 26 of the Complaint.

27.     State Farm denies the allegations in Paragraph 27 of the Complaint.

**Violation of North Carolina's Motor Vehicle Total Loss Regulation**
**11 N.C. Admin. Code 4.0418 (2020)**

28.　　The North Carolina regulation cited in Paragraph 28 of the Complaint speaks for itself and State Farm denies any allegation in Paragraph 28 that contradicts or is inconsistent with the regulation. State Farm denies any remaining allegations in Paragraph 28 of the Complaint.

29.　　The North Carolina regulation cited in Paragraph 29 of the Complaint speaks for itself and State Farm denies any allegation in Paragraph 29 that contradicts or is inconsistent with the regulation. State Farm denies any remaining allegations in Paragraph 29 of the Complaint.

30.　　The North Carolina regulation cited in Paragraph 30 of the Complaint speaks for itself and State Farm denies any allegation in Paragraph 30 that contradicts or is inconsistent with the regulation. State Farm denies any remaining allegations in Paragraph 30 of the Complaint.

31.　　The North Carolina regulation cited in Paragraph 31 of the Complaint speaks for itself and State Farm denies any allegation in Paragraph 31 that contradicts or is inconsistent with the regulation. State Farm denies any remaining allegations in Paragraph 31 of the Complaint.

32.　　State Farm denies the allegations in Paragraph 32 of the Complaint.

33.　　The North Carolina regulation cited in Paragraph 33 of the Complaint speaks for itself and State Farm denies any allegation in Paragraph 33 that contradicts or is

inconsistent with the regulation. State Farm denies any remaining allegations in Paragraph 33 of the Complaint.

34.     State Farm denies the allegations in Paragraph 34 of the Complaint.

35.     The North Carolina regulation cited in Paragraph 35 of the Complaint speaks for itself and State Farm denies any allegation in Paragraph 35 that contradicts or is inconsistent with the regulation. State Farm denies any remaining allegations in Paragraph 35 of the Complaint.

36.     State Farm denies the allegations in Paragraph 36 of the Complaint.

37.     State Farm denies the allegations in Paragraph 37 of the Complaint.

38.     State Farm denies the allegations in Paragraph 38 of the Complaint.

39.     State Farm denies the allegations in Paragraph 39 of the Complaint.

40.     The allegations in Paragraph 40 of the Complaint refer to a written document that speaks for itself. State Farm denies any allegation in Paragraph 40 that contradicts or is inconsistent with that document. State Farm denies any remaining allegations in Paragraph 40 of the Complaint.

41.     The allegations in Paragraph 41 of the Complaint refer to a written document that speaks for itself. State Farm denies any allegation in Paragraph 41 that contradicts or is inconsistent with that document. State Farm denies any remaining allegations in Paragraph 41 of the Complaint.

42.     State Farm denies the allegations in Paragraph 42 of the Complaint.

43.     State Farm denies the allegations in Paragraph 43 of the Complaint.

44.     The allegations in Paragraph 44 of the Complaint refer to a written document that speaks for itself. State Farm denies any allegation in Paragraph 44 that contradicts or is inconsistent with that document. State Farm denies any remaining allegations in Paragraph 44 of the Complaint.

45.     State Farm denies the allegations in Paragraph 45 of the Complaint.

46.     State Farm denies the allegations in Paragraph 46 of the Complaint. State Farm further denies that this case is appropriate for class certification or class treatment.

47.     State Farm denies the allegations in Paragraph 47 of the Complaint.

48.     The North Carolina regulation cited in Paragraph 48 of the Complaint speaks for itself and State Farm denies any allegation in Paragraph 48 that contradicts or is inconsistent with the regulation. State Farm denies any remaining allegations in Paragraph 48 of the Complaint.

49.     State Farm denies the allegations in Paragraph 49 of the Complaint. State Farm further denies that this case is appropriate for class certification or class treatment.

50.     State Farm denies the allegations in Paragraph 50 of the Complaint.

51.     State Farm denies the allegations in Paragraph 51 of the Complaint.

52.     State Farm denies the allegations in Paragraph 52 of the Complaint.

53.     State Farm denies the allegations in Paragraph 53 of the Complaint.

54.     State Farm denies the allegations in Paragraph 54 of the Complaint.[4]

---

[4]   The allegations in Footnote 4 of the Complaint pertain to a written document that speaks for itself. State Farm denies any allegation in Footnote 4 that contradicts or is inconsistent with that document. State Farm denies any remaining allegations in Footnote 4 of the Complaint.

55.     State Farm denies the allegations in Paragraph 55 of the Complaint. State Farm further denies that this case is appropriate for class certification or class treatment.

56.     State Farm denies the allegations in Paragraph 56 of the Complaint. State Farm further denies that any policy or claim other than Plaintiff's policy or claim is at issue in this case.

57.     State Farm denies the allegations in Paragraph 57 of the Complaint. State Farm further denies that any policy or claim other than Plaintiff's policy or claim is at issue in this case.

58.     State Farm denies the allegations in Paragraph 58 of the Complaint. State Farm further denies that any policy or claim other than Plaintiff's policy or claim is at issue in this case.

59.     State Farm denies the allegations in Paragraph 59 of the Complaint. State Farm further denies that this case is appropriate for class certification or class treatment.

60.     State Farm denies the allegations in Paragraph 60 of the Complaint. State Farm further denies that this case is appropriate for class certification or class treatment.

61.     State Farm is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint.

62.     State Farm is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint. State Farm further denies that this case is appropriate for class certification or class treatment.

63.     State Farm denies the allegations and that Plaintiff is entitled to the relief requested in Paragraph 63 of the Complaint. State Farm further denies that this case is appropriate for class certification or class treatment.

64.     State Farm denies the allegations in Paragraph 64 of the Complaint.

## CLASS ACTION ALLEGATIONS

65.     State Farm admits solely that Plaintiff purports to represent State Farm insureds in North Carolina. State Farm denies that the proposed class is properly defined and that Plaintiff's action can be properly certified as a class action. State Farm denies any remaining allegations in Paragraph 65 of the Complaint.

66.     State Farm denies the allegations in Paragraph 66 of the Complaint.

67.     State Farm denies the allegations in Paragraph 67 of the Complaint.

68.     State Farm denies the allegations in Paragraph 68 of the Complaint.

Class Certification Definition

69.     State Farm denies that the proposed class is properly defined and that Plaintiff's action can be properly certified as a class action. State Farm denies any remaining allegations in Paragraph 69 of the Complaint.

70.     State Farm denies that the proposed class is properly defined and that Plaintiff's action can be properly certified as a class action. State Farm denies any remaining allegations in Paragraph 70 of the Complaint.

71.     State Farm denies that the proposed class is properly defined and that Plaintiff's action can be properly certified as a class action. State Farm denies any remaining allegations in Paragraph 71 of the Complaint.

Numerosity

72.     State Farm denies that the proposed class is properly defined and that Plaintiff's action can be properly certified as a class action. State Farm denies any remaining allegations in Paragraph 72 of the Complaint.

Typicality

73.     State Farm denies that the proposed class is properly defined and that Plaintiff's action can be properly certified as a class action. State Farm denies any remaining allegations in Paragraph 73 of the Complaint.

Commonality

74.     State Farm denies the allegations in Paragraph 74 of the Complaint, including all of its subparts.

Adequacy Of Representation

75.     State Farm denies the allegations in Paragraph 75 of the Complaint.

76.     State Farm denies that the proposed class is properly defined and that Plaintiff's action can be properly certified as a class action. State Farm denies any remaining allegations in Paragraph 76 of the Complaint.

Superiority

77.     State Farm denies the allegations in Paragraph 77 of the Complaint.

78.     State Farm denies the allegations in Paragraph 78 of the Complaint.

79.     State Farm denies the allegations in Paragraph 79 of the Complaint.

80.     State Farm denies the allegations in Paragraph 80 of the Complaint.

### FIRST CAUSE OF ACTION
**Unfair Trade Practices Act, N.C. Gen. Stat. § 75-1.1, *et seq.***
**(Plaintiff and Class)**

81.     State Farm admits that Plaintiff purports to bring this cause of action on behalf of putative class members but denies that this case is appropriate for class certification or class treatment. State Farm incorporates and restates by reference its responses to all proceeding allegations.

82.     State Farm denies the allegations in Paragraph 82 of the Complaint.

83.     State Farm denies the allegations in Paragraph 83 of the Complaint.

84.     State Farm denies the allegations in Paragraph 84 of the Complaint.

85.     State Farm denies the allegations in Paragraph 85 of the Complaint. State Farm further denies that this case is appropriate for class certification or class treatment.

86.     State Farm denies the allegations in Paragraph 86 of the Complaint. State Farm further denies that this case is appropriate for class certification or class treatment.

87.     State Farm denies the allegations in Paragraph 87 of the Complaint. State Farm further denies that this case is appropriate for class certification or class treatment.

## SECOND CAUSE OF ACTION
### Unfair Claims Settlement Practices, N.C. Gen. Stat. § 58-63-15 (11)
### and N.C. Gen. Stat. 75-1.1, *et seq.*
### (Plaintiff and Class)

88.     State Farm admits solely that Plaintiff purports to bring this cause of action on behalf of putative class members but denies that this case is appropriate for class certification or class treatment. State Farm incorporates and restates by reference its responses to all proceeding allegations.

89.     State Farm denies the allegations in Paragraph 89 of the Complaint.

90.     State Farm denies the allegations in Paragraph 90 of the Complaint.

91.     State Farm denies the allegations in Paragraph 91 of the Complaint. State Farm further denies that this case is appropriate for class certification or class treatment.

92.     State Farm denies the allegations in Paragraph 92 of the Complaint. State Farm further denies that this case is appropriate for class certification or class treatment.

## THIRD CAUSE OF ACTION BREACH OF CONTRACT
### (Plaintiff)

93.     State Farm admits that Plaintiff purports to bring this cause of action, but denies Plaintiff is entitled to the relief sought. State Farm incorporates and restates by reference its responses to all proceeding allegations.

94.     State Farm admits that Plaintiff entered into an automobile insurance contract with State Farm and paid the premiums. State Farm denies any remaining allegations in Paragraph 94 of the Complaint.

14

95. The allegations in Paragraph 95 of the Complaint refer to a written document that speaks for itself. State Farm denies any allegation in Paragraph 95 that contradicts or is inconsistent with that document. State Farm denies any remaining allegations in Paragraph 95 of the Complaint.

96. State Farm denies the allegations in Paragraph 96 of the Complaint.

97. The allegations in Paragraph 97 of the Complaint refer to a written document that speaks for itself. State Farm denies any allegation in Paragraph 97 of the Complaint that contradicts or is inconsistent with that document. State Farm denies any remaining allegations in Paragraph 97 of the Complaint.

98. State Farm admits the allegations in Paragraph 98 of the Complaint.

99. State Farm admits the allegations in Paragraph 99 of the Complaint.

100. State Farm admits that Plaintiff filed a claim in May 2023 for damage to the 2021 Genesis resulting from the April 24, 2023 accident. State Farm denies any remaining allegations in Paragraph 100 of the Complaint.

101. State Farm admits that it determined Plaintiff's 2021 Genesis was a total loss. State Farm also admits that the total loss settlement process for Plaintiff included obtaining a report from CCC and CCC provided State Farm valuation services through the CCC One platform to assist its claim handlers in estimating the actual cash value of Plaintiff's vehicle. Except as expressly admitted, State Farm denies any remaining allegations in Paragraph 101 of the Complaint.

102.     State Farm admits that State Farm "presented" Plaintiff the CCC One Market Valuation Report. The remaining allegations in Paragraph 102 of the Complaint pertain to a written document that speaks for itself. State Farm denies any allegation in Paragraph 102 of the Complaint that contradicts or is inconsistent with that document.

103.     The allegations in Paragraph 103 of the Complaint pertain to a written document that speaks for itself. State Farm denies any allegation in Paragraph 103 that contradicts or is inconsistent with that document. State Farm admits that the CCC One Market Valuation Report valued Plaintiff's loss at $56,772.00 and that State Farm paid Plaintiff this amount. State Farm denies any remaining allegations in Paragraph 103 of the Complaint.

104.     State Farm denies the allegations in Paragraph 104 of the Complaint.

105.     State Farm denies the allegations in Paragraph 105 of the Complaint, including all of its sub-parts.

106.     State Farm denies the allegations in Paragraph 106 of the Complaint.

With regard to the relief requested by Plaintiff individually and on behalf of the "proposed class members" listed on Pages 23–24 of the Complaint as Paragraphs 1 through 9, State Farm denies that Plaintiff or the "proposed class members" are entitled to any relief. State Farm further denies that this case is appropriate for class certification or class treatment and that Plaintiff can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority. State Farm denies any and all allegations in in Paragraphs 1 through 9 on Pages 23–24 of the Complaint.

## GENERAL DENIAL

Each and every allegation in the Complaint that has not been expressly admitted is denied.

## ADDITIONAL DEFENSES

Nothing herein may be construed to suggest that State Farm bears the burden of proof on any of the issues set forth below. State Farm denies all allegations not expressly admitted and, to the extent not specified below, reserves the right to assert other defenses that it may have against Plaintiff and the putative class to the extent the factual bases for other such defenses are discovered during the course of this litigation.

## FIRST DEFENSE

Plaintiff's Complaint does not satisfy the requirements of Fed. R. Civ. P. 23 or any class action procedural mechanism.

## SECOND DEFENSE

Plaintiff's claims, and the claims of members of the putative class, may be barred, in whole or in part, by the terms, provisions, conditions, definitions, limitations, and exclusions in their insurance policies, or otherwise by their failure to comply with other conditions precedent or prerequisites for bringing suit or recovering benefits under their insurance policies.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and/or estoppel. Plaintiff received the entire benefit of the bargain and cannot now pursue a claim for breach.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's own actions, negligence or legal fault. Any damages sustained by Plaintiff or any member of the putative class were proximately caused and occasioned by the actions and omissions of Plaintiff or putative class members or others, and these acts and omissions were the sole causes of Plaintiff's or any putative class member's alleged damages. Accordingly, State Farm pleads independent, intervening, or superseding acts and omissions of Plaintiff and others as a complete bar to this action.

## FIFTH DEFENSE

The claims of Plaintiff and some members of the putative class are barred by the doctrines of res judicata, collateral estoppel, waiver or settlement.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by their failure to mitigate damages, if any.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by payment or the voluntary payment doctrine.

## EIGHTH DEFENSE

With respect to Plaintiff's claims and those of members of the putative class, the terms and conditions imposed with respect to the insurance that is the subject of the Complaint complied with all applicable statutes, regulations, and/or filed rates and policy forms. The insurance contract forms at issue in this litigation were approved by and/or filed with North Carolina's insurance regulatory authorities if such approval or filing was required and State Farm has complied with all relevant insurance regulations with regard to the approval and maintenance of those contracts. To the extent that the causes of action advanced in the Complaint challenge the terms contained in policy forms accepted for those terms and conditions, such claims are barred as a matter of law because, among other things, the policy forms at issue were filed with and/or approved by state regulatory authorities, the filed rate doctrine applies, or the claims seek to alter or amend the terms of the filed and accepted forms.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## TENTH DEFENSE

Claims of some members of the putative classes are barred by or otherwise did not survive the surrender or termination of the policy.

## ELEVENTH DEFENSE

Plaintiff and members of the putative class may lack standing to pursue their claims for failure to appraise or following the required appraisal.

## TWELFTH DEFENSE

Plaintiff's claims and those of the members of the putative class are preempted by the insurance regulations and statutes of North Carolina.

## THIRTEENTH DEFENSE

Plaintiff's claims and members of the putative class may be barred in whole or in part by the doctrines of accord and satisfaction, recoupment, set-off, and/or election of remedies, including an offer and acceptance of complete relief, reached with State Farm.

## FOURTEENTH DEFENSE

The breach of contract claims of any member of the putative class who did not pay a premium for the alleged coverage for which they seek to recover payment fail for lack of consideration.

## FIFTEENTH DEFENSE

Plaintiff's claims and those of the members of the putative class may be barred, in whole or in part, due to fraud.

## SIXTEENTH DEFENSE

The Complaint, and each purported cause of action alleged therein, is barred by the conduct, actions and inactions of Plaintiff, and/or the members of the putative class, under the doctrine of ratification.

## SEVENTEENTH DEFENSE

Plaintiff and/or the members of the putative class have already received the benefit of their bargain.

20

### EIGHTEENTH DEFENSE

The Complaint's prayers for declaratory relief are barred because Plaintiff, and the members of the putative class, have adequate remedies at law.

### NINETEENTH DEFENSE

The claims advanced in the Complaint by Plaintiff, and/or the members of the putative class, insofar as they relate to alleged conduct that is subject to the regulatory jurisdiction of one or more regulatory or administrative agencies or bodies, are subject to the exclusive jurisdiction of those regulatory or administrative agencies under the doctrines of primary and/or exclusive jurisdiction. Alternatively, such claims are barred by the absence of any private right of action with regard to conduct submitted to the discretion of a regulatory or administrative agency or body.

### TWENTIETH DEFENSE

State Farm denies that it or any of its agents, principals or representatives breached any duty or obligations allegedly owed to Plaintiff or the members of the putative class.

### TWENTY-FIRST DEFENSE

The Complaint fails to state a claim upon which any relief can be granted and should be dismissed.

### TWENTY-SECOND DEFENSE

Plaintiff and some or all members of the putative class lack standing to bring some or all of the claims set forth in the Complaint because they have not suffered any injury in fact.

## TWENTY-THIRD DEFENSE

Plaintiff, and the members of the putative class, may be barred because they have released the claims set forth in the Complaint.

## TWENTY-FOURTH DEFENSE

Plaintiff, and the members of the putative class, suffered no damages or loss by reason of any act or omission of State Farm.

## TWENTY-FIFTH DEFENSE

None of the causes of action alleged in the Complaint entitle Plaintiff or any member(s) of the putative class to recover any penalty, interest, or attorney's fees from State Farm as a matter of contract, statute or otherwise.

## TWENTY-SIXTH DEFENSE

State Farm acted at all times alleged in the Complaint in compliance with the insurance policies and with North Carolina law, and in good faith.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims, and the claims of members of the putative class, may be barred, in whole or in part, by applicable statutes of limitations or repose and/or the time limitation on suit in the insurance policies.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments and the Seventh Amendment's guarantee of a jury trial under the United States Constitution, to the extent that Plaintiff

seeks to extrapolate liability, causation, or damages on a class wide basis, instead of proving liability, causation, and damages for each individual putative class member.

## TWENTY-NINTH DEFENSE

Plaintiff's claims and the claims of members of the putative class are barred by the express provisions of those persons' respective insurance contracts, which authorize the conduct about which Plaintiff complains.

## THIRTIETH DEFENSE

Plaintiff's alleged damages, and the alleged damages of members of the putative class, may be subject to an offset of all amounts recovered by Plaintiff or any member of the putative class through any claims or lawsuits for which they seek recovery from State Farm.

## DEFENSES RESERVED

State Farm hereby gives notice that it may rely upon other defenses that become available or apparent during the proceedings in this matter and further investigation, and hereby reserve their right to amend their Answer and to assert any such defenses.

## JURY DEMAND

State Farm demands a trial by jury on all issues so triable.

Date: March 11, 2026

Respectfully submitted,

**ALSTON & BIRD LLP**

*/s/ Matthew P. McGuire*
Matthew P. McGuire
N.C. State Bar No. 20048
555 Fayetteville St., Suite 600
Raleigh, NC 27601
Telephone: (919) 862 2279
matt.mcguire@alston.com

Daniel F. Diffley
Georgia Bar No. 221703
Blake M. Simon
Georgia Bar No. 894927
Melissa G. Quintana
Georgia Bar No. 891573
1201 W. Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
dan.diffley@alston.com
blake.simon@alston.com
melissa.quintana@alston.com

***Counsel for State Farm Mutual
Automobile Insurance Company***

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court by using the CM/ECF system, which will send a copy to all counsel of record.

Date: March 11, 2026

Respectfully submitted,

/s/ *Matthew P. McGuire*
**ALSTON & BIRD LLP**
555 Fayetteville St., Suite 600
Raleigh, NC 27601
Telephone: (919) 862-2279
matt.mcguire@alston.com

***Counsel for State Farm Mutual Automobile Insurance Company***