# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| CRAIG BREWER, STACIE SMITH, and REGINA BARRIER, individually and on behalf of all similarly situated persons,<br><br>Plaintiff,<br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | Case No. 1:25-cv-00904-CCE-JLW |

**<u>JOINT STIPULATED CONFIDENTIALITY ORDER</u>**

WHEREAS, Plaintiffs Craig Brewer, Stacie Smith, and Regina Barrier (collectively, "Plaintiffs") and Defendant State Farm Mutual Automobile Insurance Company ("Defendant") (collectively with Plaintiffs, the "Parties") are engaged in discovery proceedings in the above-captioned civil lawsuit (the "Lawsuit"), and their counsel have engaged in substantive discussions regarding the protection of Confidential Information (as defined in Paragraph 2); and

WHEREAS, the Parties agree that this Confidentiality Order in no way alters the Parties' rights, obligations, and/or abilities to produce documents and/or to raise objections about production of information, consistent with the Federal Rules of Civil Procedure and applicable law;

NOW, THEREFORE, this Court finds that a Confidentiality Order is warranted to protect Confidential Information that may be produced or exchanged in this litigation, and that the following provisions, limitations, and prohibitions are appropriate pursuant to and

in conformity with the Federal Rules of Civil Procedure. Therefore, it is hereby ORDERED that:

1. All Confidential Information (as defined in Paragraph 2) produced or exchanged in the course of this Lawsuit shall be used solely for the purpose of this Lawsuit and for no other purpose. Confidential Information, or extracts, summaries, or information derived from Confidential Information, shall not be disclosed to any person except in accordance with the terms of this Confidentiality Order. Confidential Information may only be copied or reproduced as reasonably necessary for use solely in this Lawsuit. No Party may remove the Bates label or any confidentiality legend from any Confidential Information.

2. "Confidential Information," as used herein, means any information of any type that a Party or third-party reasonably and in good faith believes contains any confidential research, development, trade secret, commercial information, or any other sensitive personal information of any Party or a Party's customer, whether the Confidential Information is: a document, electronically stored information ("ESI"), or other written material or image; information contained in a document, ESI, or other material; information revealed during a deposition; information revealed in an interrogatory answer or written responses to discovery; information revealed during a meet-and-confer, or otherwise revealed in connection with formal or informal discovery.

3. The disclosure of Confidential Information is restricted to Qualified Persons. "Qualified Persons," as used herein, means: the Parties to the Lawsuit; their respective counsel; counsel's staff; mediators, expert witnesses or other consulting experts or

investigators; outside service-providers and consultants providing services related to document and ESI processing, hosting, review, and production; the Court; other court officials (including court reporters); the trier of fact pursuant to a sealing order as provided in paragraph 16 below; any person who wrote or received the document, ESI, or other material in the ordinary course of employment or agency; and any person so designated pursuant to paragraph 4. Any other person may be designated as a Qualified Person by order of the Court, or by agreement of the Parties.

4. Any Party may serve a written request for authority to disclose Confidential Information to a person who is not a Qualified Person on counsel for the designating Party, and consent shall not be unreasonably withheld. However, until said requesting Party receives written consent to further disclose the Confidential Information, the further disclosure is hereby prohibited and shall not be made absent further order of this Court or by written agreement of the Parties. If the designating Party grants its consent, then the person granted consent shall become a Qualified Person under this Confidentiality Order.

5. Counsel for each Party shall provide a copy of this Confidentiality Order to any person—other than the Court, court officials, or the trier of fact—who will receive Confidential Information in connection with this litigation and shall advise such person of the scope and effect of the provisions of this Confidentiality Order and the possibility of punishment by contempt for violation thereof.

6. Information a party believes to be confidential shall be designated as Confidential Information within the meaning of this Confidentiality Order by following the protocol below that corresponds to the format produced:

a. For hard-copy documents, by marking the first Bates-stamped page of the document and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential," but not so as to obscure the content of the document.

b. For static image ESI productions, by marking the first Bates-stamped page of the image and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential," but not so as to obscure the content of the image.

c. For native file format productions, by prominently labeling the delivery media for ESI designated as Confidential Information as follows: "Confidential." In addition, at the election of the producing Party, the electronic file may have appended to the file's name (immediately following its Bates identifier) the following Confidentiality legend: "DESIGNATED CONFIDENTIAL IN_NO. 1:25-cv-00904"

When any native file so designated is converted into a hard-copy document or static image for any purpose, the document or image shall bear on each page a Confidentiality legend as described in 6.a. and 6.b. above. If a native file containing Confidential Information is used during a deposition, meet-and-confer, trial, or is otherwise disclosed post-production, the Party introducing, referencing, or submitting the native file must append to the file's name (immediately following its Bates identifier) the Confidentiality legend: "DESIGNATED CONFIDENTIAL IN_NO. 1:25-cv-00904" if such legend does not already appear in the file name. Any Party using a native file containing Confidential

Information in a deposition, hearing, or at trial must indicate the designation on the record, so that it is reflected in the transcript of the proceedings.

d. At the sole discretion of the producing Party, the producing Party may place on any hard-copy documents that are subject to this Confidentiality Order watermarks or seals to indicate the document is designated Confidential and is produced under the specific case number, 1:25-cv-00904.

7. Information previously produced during this litigation and not already marked as Confidential Information shall be retroactively designated within thirty (30) days of entry of this Confidentiality Order by providing written notice to the receiving Parties of the Bates identifier or other identifying characteristics for the Confidential Information.

a. Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the Parties, any Parties receiving such notice shall return to the designating Party all undesignated copies of such information in their custody or possession, in exchange for the production of properly designated information, or alternately (upon the agreement of the Parties) shall: (i) affix the legend to all copies of such designated information in the Party's possession, custody, or control consistent with the terms of this Confidentiality Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information.

b. Information that is unintentionally or inadvertently produced without being designated as Confidential Information may be retroactively designated by

the producing Party by providing written notice to the receiving Parties of the Bates identifier or other identifying characteristics for the Confidential Information by providing written notice to the receiving Parties of the Bates identifier or other identifying characteristics for the Confidential Information. If a retroactive designation is provided to the receiving Party, the receiving Party must (i) make no further disclosure of such designated information except as allowed under this Confidentiality Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Confidentiality Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person not permitted access to such information under the terms of this Confidentiality Order. No Party shall be deemed to have violated this Confidentiality Order for any disclosures made prior to notification of any subsequent designation.

8. If Confidential Information is inadvertently disclosed to a person who is not a Qualified Person, the disclosing Party shall immediately upon discovery of the inadvertent disclosure, send a written demand to the non-Qualified Person demanding the immediate return and/or destruction of the inadvertently disclosed Confidential Information, all copies made, and all notes that reproduce, copy, or otherwise contain information derived from Confidential Information. Further, the disclosing Party shall send written notice to the designating Party's counsel providing:

a. The names and addresses of the entity(ies) or individual(s) to whom the Confidential Information was inadvertently disclosed.

b. The date of the disclosure.

c. A copy of the notice and demand sent to the entity or individual that inadvertently received the Confidential Information.

9. To the extent that the Parties produce information received from non-parties that the non-parties have designated as "Confidential," such information shall be treated as Confidential Information in accordance with the terms of this Confidentiality Order.

a. With respect to any document, ESI, or other material that is produced or disclosed by a non-party, any Party may designate such information as Confidential Information within thirty (30) days of actual knowledge of the production or disclosure, or such other time as may be agreed upon by the Parties.

b. Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the Parties, any Parties receiving such notice shall return to the designating Party all undesignated copies of such information in their custody or possession, in exchange for the production of properly designated information, or alternately (upon the agreement of the Parties) shall: (i) affix the legend to all copies of such designated information in the Party's possession, custody, or control consistent with the terms of this Confidentiality Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information.

c. Upon notice of designation pursuant to this Paragraph, the Parties also shall: (i) make no further disclosure of such designated information except as allowed under this Confidentiality Order; (ii) take reasonable steps to notify any

persons who were provided copies of such designated information of the terms of this Confidentiality Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person not permitted access to such information under the terms of this Confidentiality Order. No person shall be deemed to have violated this Confidentiality Order for any disclosures made prior to notification of any subsequent designation.

d. The Parties shall serve a copy of this Confidentiality Order simultaneously with any discovery request made to a non-party.

10. Deposition testimony may be designated as Confidential Information under the terms of this Confidentiality Order, but only if counsel for a Party advises the court reporter and opposing counsel of that designation at the deposition, or by written designation to all Parties and the court reporter within thirty (30) business days after receiving the final (not "rough") deposition transcript. All deposition transcripts shall be considered Confidential Information until thirty (30) days following the receipt of the final deposition transcript. In the event any portions of deposition testimony are designated as Confidential Information, the court reporter shall mark the face of such portion of the transcript as "Confidential Information." The Parties may use Confidential Information during any deposition, provided that the room is first cleared of all persons who are not Qualified Persons.

11. In the case of interrogatory answers, responses to requests for production, and responses to requests for admissions, the designation of Confidential Information will be made by means of a statement in the answers or responses specifying that the answers

or responses or specific parts thereof are designated as Confidential Information. A producing Party shall place the following legend on each page of interrogatory answers, responses to requests for production, or responses to requests for admission: "Contains Confidential Information."

12. Confidential Information disclosed during a meet-and-confer or otherwise exchanged in informal discovery, shall be protected pursuant to this Confidentiality Order, if counsel for the disclosing Party advises the receiving Party that the information is Confidential Information. If the Confidential Information disclosed during a meet-and-confer or otherwise exchanged in informal discovery is in the form of hard-copy documents, static images, or native files, that information shall be designated as Confidential Information pursuant to paragraph 6 above, depending on the format of the materials introduced.

13. If a receiving Party makes a good-faith determination that any materials designated Confidential Information are not in fact entitled to such a designation, the receiving Party may request that the designating Party rescind the designation. Such requests shall not be rejected absent a good-faith determination by the designating Party that the Confidential Information is entitled to protection as set forth in this Confidentiality Order.

14. After making a good-faith effort to resolve any disputes regarding whether any designated materials constitute Confidential Information, counsel for the Party or Parties receiving the Confidential Information may challenge such designation of all or any portion thereof by providing written notice of the challenge to the designating Party's

counsel. Unless another time frame is dictated by Local Rule 5.4 or 5.5 or by the Court or agreed to between the parties, the designating Party shall have thirty (30) days from the date of receipt of a written challenge to file a motion for specific protection with regard to any Confidential Information in dispute. If the Party or Parties producing the Confidential Information does not timely file a motion for specific protection, then the Confidential Information in dispute shall no longer be subject to confidential treatment as provided in this Confidentiality Order.

15. If a timely motion for specific protection is filed, any disputed Confidential Information will remain subject to this Confidentiality Order until a contrary determination is made by the Court. The burden of establishing that a document or testimony contains Confidential Information and is entitled to the protection of this Confidentiality Order shall remain on the party making the designation. At any hearing, the designating Party shall have the burden to establish that Party's right to protection as if this Confidentiality Order did not exist. A Party's failure to challenge the Confidential Information designation of any documents, ESI, information, or testimony does not constitute an admission that the document, ESI, information or testimony is, in fact, sensitive, confidential, or proprietary. No Party waives its right to contend at trial or hearing that such document, ESI, information, or testimony is not sensitive, confidential, or proprietary, provided the Party provides notice of intention to do so at least twenty (20) days before such trial or hearing.

16. Any documents filed with the Court or otherwise submitted as evidence in this action that have been designated Confidential Information, or contain extracts, summaries, or information derived from Confidential Information, shall be governed by

the terms of this Confidentiality Order and Local Civ. Rule 5.4 and Rule 5.5 (M.D.N.C.) and Paragraph 7 of the Court's Standing Order (Dkt. 9). Any party seeking to file documents under seal shall follow the mandatory procedure in Local Civ. Rule 5.4 (M.D.N.C.). Sealed documents shall remain sealed with the District Clerk's Office, so long as the materials retain their status as Confidential Information. Designation under this order does not establish that the material is automatically entitled to be sealed, and the Court retains the ultimate authority to determine if materials shall be sealed.

17. A designation of information or material as Confidential under this Order constitutes the Designating Party's good faith assertion that the material qualifies for protection under Fed. R. Civ. P. 26(c) and this Order. Such designation does not constitute a judicial determination that the matter is confidential, proprietary, or a trade secret; does not create any presumption that the material is entitled to protection; does not constitute evidence of confidentiality or trade-secret status; and does not alter the Designating Party's burden of proof if the designation is challenged.

18. The Designating Party shall make a reasonable and good faith determination that each document, portion of a document, testimony, or reasonably defined category of materials designated as Confidential Information qualifies for protection under this Order and shall refrain from making mass, indiscriminate or blanket designations.

19. Any Qualified Person who obtains information pursuant to this Confidentiality Order consents to the jurisdiction of this Court for enforcement of this Confidentiality Order.

20. Within 120 days of the final resolution of the Lawsuit, the Parties shall return or destroy any Confidential Information received during the Lawsuit. As to those materials that contain or reflect Confidential Information, but that constitute or reflect Plaintiff's counsel's own work product, counsel for the Plaintiff are entitled to retain such work product in their files in accordance with the provisions of this Confidentiality Order, so long as the work product is clearly marked to reflect that it contains information subject to this Confidentiality Order. Plaintiff's counsel is entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record, even if such materials contain Confidential Information, so long as such materials are clearly marked to reflect that they contain information subject to this Confidentiality Order and are maintained in accordance with the provisions of this Confidentiality Order.

21. Pursuant to Federal Rule of Evidence 502(d), no applicable attorney-client privilege, attorney work product, or any other applicable privilege or ground for withholding production is waived by production of documents or the disclosure of information pursuant to this Order. The protections for the parties against the inadvertent disclosure of privileged materials as prescribed by this Order are outlined as follows:

(a) Paragraph 21 and its subsections should be interpreted to prevent waiver to the broadest extent possible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure. Specifically, Paragraph 21 and its subsections are intended to protect the Parties to the Litigation, to the fullest extent permissible by law, against any waiver of the attorney-client privilege and/or the work product

protection that might otherwise arise from the disclosure of privileged or protected Information. Paragraph 21 and its subsections are intended to override any contrary law or presumptions, if and as applicable and permissible. The Parties' agreement to Paragraph 21 and its subsections and compliance with its terms, shall be understood, for all purposes within and outside this litigation, to constitute reasonable and prompt efforts to preserve privileges and protections from discovery in respect to any disclosed privileged or protected Information.

(b) Paragraph 21 and its subsections apply regardless of whether the Information describes or relates to actions taken in this Litigation, in prior or separate proceedings, or in other non-litigation matters.

(c) A Party receiving materials in the litigation is under a good faith obligation to promptly alert the producing Party if the materials that are produced, disclosed, exhibited, or communicated by a producing Party appears to be privileged or work product-protected either on its face or in light of facts known to the receiving Party.

(d) To effectuate a clawback, upon learning of the production of privileged or protected materials, the producing Party shall promptly give the receiving Party's counsel of record written notice of the production. The producing Party need not provide any explanation or evidence regarding the reasonableness of the efforts taken to prevent production of such Information, and the receiving Party agrees that it

will not challenge the reasonableness of such efforts. The notice shall identify the materials that were produced (including the format of the production—*e.g.*, paper, electronically stored information) and the date(s) the materials were produced. If the producing Party claims that only a portion of a document, electronically stored information or tangible thing produced is privileged or protected information, the Producing Party shall also provide a new copy of the information with the allegedly privileged or protected portions redacted.

(e) Upon receiving notice of a production or upon determining that Information it received is known to be privileged or protected in whole or in part, the receiving Party must promptly return, sequester, and/or destroy the information and all copies and destroy any notes that reproduce, copy or otherwise reflect or disclose the substance of the privileged or work product-protected Information. Any such information that may exist on any computer or back-up media which cannot be reasonably deleted may be retained until such time as the media is subject to routine deletion or destruction provided that no person attempts to access the contents of the information unless allowed under the terms of this Order. If the receiving Party disclosed the privileged or work product-protected information before being notified, it must take reasonable steps to retrieve and prevent further use or distribution of such information. This duty expires if this Court

rules that the information is not privileged or protected by the work product doctrine.

(f) If the receiving Party contests the claim of privilege or work product protection in good-faith, it may within thirty (30) days of the producing Party's written notice, seek determination from the Court as to the privileged or protected nature of the information. Pending such challenge a receiving Party may retain a single copy of the document, record, or data and any related notes in a secure location, but the document, record, or data may not be discussed in any way prior to the Court's resolution of the challenge. Pending such a challenge, the receiving Party may not use the protected Information in any way or disclose it to any person.

(g) To the extent that any Party obtains any privileged materials or information through disclosure or communications, such materials or information may not be submitted to the Court or presented for admission into evidence or sought in discovery by that Party in this litigation or in any other proceeding or action unless such filing is made under seal.

(h) If the Court sustains the claim that the information or materials disclosed, exchanged, produced, or discussed is privileged or work product-protected, the receiving Party must, within fourteen (14) days of the Court's order, promptly return and/or destroy the materials or

information and all copies and destroy any notes that reproduce, copy or otherwise disclose the substance of the privileged or work product-protected Information. The receiving Party shall advise the producing Party in writing of the return and/or destruction.

(i) Nothing in Paragraph 21 and its subsections shall be construed to limit a Party's right to conduct a review of documents, ESI, or information (including metadata) for relevance and responsiveness and/or require the production of any information or communication that a Party contends is protected from disclosure by the attorney-client privilege and/or the work product doctrine.

This Order shall remain in effect unless or until amended, altered, modified, or vacated by the Court, or by the written agreement of all Parties to this action filed with the Court, pursuant to the Federal Rules of Civil Procedure.

**HEMMINGS & STEVENS, PLLC**

/s/ Aaron C. Hemmings
Aaron C. Hemmings
NC Bar No.: 29810
Kelly A. Stevens
NC Bar No.: 27066
5540 McNeely Drive, Suite 202
Raleigh, NC 27612
Phone: (919) 277-0161
ahemmings@hemmingsandstevens.com
kstevens@hemmingsandstevens.com

***Counsel for the Plaintiff***

**ALSTON & BIRD LLP**

/s/ Matthew P. McGuire
Matthew P. McGuire
N.C. State Bar No. 20048
555 Fayetteville St., Suite 600
Raleigh, NC 27601
Telephone: (919) 862 2279
matt.mcguire@alston.com

Daniel F. Diffley
Georgia Bar No. 221703
Blake M. Simon
Georgia Bar No. 894927
Melissa G. Quintana
Georgia Bar No. 891573
1201 W. Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
dan.diffley@alston.com
blake.simon@alston.com
melissa.quintana@alston.com

***Counsel for State Farm Mutual Automobile Insurance Company***

**SO ORDERED**, this ______ day of _________________, 2026.

______________________________
HON. CATHERINE C. EAGLES.
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court by using the CM/ECF system. Notice of this filing will be sent by operation of the Court's CM/ECF system to all counsel of record.

*/s/ Matthew P. McGuire*
Matthew P. McGuire