IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CRAIG BREWER, individually and on behalf of all similarly situated persons, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | 1:25-CV-904 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, Senior District Judge.

The plaintiffs, Craig Brewer, Stacie Smith, and Regina Barrier, allege that State Farm Mutual Automobile Insurance Company breached its insurance contracts with them and violated North Carolina law when it did not pay them the pre-accident actual cash value of their totaled cars. They have brought claims in an amended complaint on behalf of themselves and, as to their unfair trade practice claims, on behalf of a putative class. Doc. 28.[1] State Farm moves to dismiss the unfair trade practice claims for failure to state a claim upon which relief may be granted. Doc. 30. It also moves to dismiss the

[1] Mr. Brewer filed the original complaint in this case, in which he was the only named plaintiff. Doc. 1. The Court denied State Farm's motion to dismiss, and ordered Mr. Brewer to participate in an appraisal. Doc. 18. Mr. Brewer moved to amend the complaint, with State Farm's consent, to add the two additional named plaintiffs and additional factual allegations, while asserting the same claims, adding a new second declaratory judgment class definition, and changing the request for declaratory relief. Doc. 26. The Court allowed the motion and directed the filing of the operative amended complaint. Text Order 08/17/2026; Doc. 28.

plaintiffs' request for declaratory relief, and all claims by Mr. Brewer, for lack of subject matter jurisdiction.

Because the plaintiffs have alleged sufficient facts to state plausible unfair trade practice claims, the part of the motion seeking dismissal for failure to state a claim will be denied. As there are genuine issues of fact related to Mr. Brewer's standing, that part of the motion also will be denied. By contrast, since the plaintiffs do not allege or show real and imminent future harm, their request for prospective declaratory judgment relief must be dismissed for lack of subject matter jurisdiction.

## I. Alleged Facts and Claims[2]

The plaintiffs allege that in 2022, 2023, and 2025, their cars were damaged in traffic accidents. Doc. 28 at ¶¶ 23, 30, 37. Each filed a claim under their individual car insurance policies with State Farm, and State Farm deemed each vehicle a total loss. *Id.* at ¶¶ 25–26, 32–33, 39–40. Under their polices, State Farm had to pay them the full pre-accident actual cash value of their cars. *Id.* at ¶ 20; Doc. 32-1 at 15, 32-2 at 47, 32-3 at 33.[3]

---

[2] As the parties have done in their briefing, the Court begins by addressing the allegations in the amended complaint. The Court then separately addresses the evidence related to subject matter jurisdiction, *infra,* because that evidence relates to a more limited subset of the plaintiffs' claims.

[3] The plaintiffs did not attach copies of their insurance policies to the amended complaint, but State Farm included copies with its motion to dismiss. The plaintiffs have not challenged the authenticity of these copies. Since the terms of the policies are integral to the complaint, they can properly be considered at this stage. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (noting that courts may consider documents attached to the motion to dismiss if "they are integral to the complaint and authentic").

To determine the actual cash value of each plaintiff's car, State Farm used a third-party data platform, CCC One, to generate a report assessing the retail cost of comparable cars in each plaintiff's area. Doc. 28 at ¶¶ 27, 34, 41; *e.g.*, Doc. 28-1 at 10, Doc. 28-2 at 9, Doc. 28-3 at 9. As customized by State Farm, Doc. 28 at ¶ 18, the CCC One platform located sales listings for comparable cars and then applied a "Condition Adjustment" to the cars' retail price based on an assumption of "Average Private condition," Doc. 28-1 at 11, Doc. 28-2 at 9, or "Good condition." Doc. 28-3 at 10.

Application of that "Condition Adjustment" reduced the value of the comparable cars by $3,328 for Mr. Brewer, $556 for Ms. Smith, and $1,533 for Ms. Barrier. Doc. 28 at ¶¶ 29, 36, 43. As a result, State Farm deducted those amounts from the value of each of the plaintiff's cars and underpaid their claims. *Id.*

The plaintiffs also allege that all State Farm automobile insurance policies require State Farm to pay insureds the actual cash value of totaled cars, *id.* at ¶ 20, that State Farm uses the CCC One reports to apply the condition adjustment in a systemic way to all claims related to vehicles that are a total loss, *id.* at ¶ 54, 71, and that the valuation methodology used is arbitrary and results in a systemic undervaluation of 4% to 17% across the claims of State Farm insureds in North Carolina. *Id.* at ¶ 73.[4]

They identify numerous provisions in applicable regulations that they contend prohibit this approach. *See, e.g.*, *id.* at ¶¶ 47–50, 64. They also contend that State Farm

[4] In other words, and perhaps somewhat oversimplified, State Farm begins with actual sales prices of other comparable used cars and then deducts an additional amount from those comparable vehicles because they are used, thus discounting twice for the used condition of the comparable cars. Doc. 28 at ¶ 53.

does not comply with applicable disclosure regulations governing how such adjustments must be shared with its insureds. *See, e.g.*, *id.* at ¶¶ 51, 65–67.

Based on these allegations, the plaintiffs have brought breach of contract claims on an individual basis, *id.* at ¶¶ 111–142, and two claims for unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1 on behalf of a proposed class. *Id.* at ¶¶ 99–110. They are seeking money damages, attorneys' fees and costs, and a declaratory judgment and injunctive relief. *Id.* at pp. 31–32.

## II. Failure to State a Claim

State Farm moves to dismiss the plaintiffs' unfair trade practice claims for failure to state a claim upon which relief can be granted under Rule 12(b)(6). But the Court already determined that Mr. Brewer stated claims under Chapter 75. *See* Doc. 18 at 7–10; N.C. Gen. Stat. § 75-1.1. The allegations in the amended complaint about the two new plaintiffs are not materially different. Dismissal of these claims for failure to state a claim is not warranted.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Legal conclusions "must be supported by factual allegations" that amount to more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* at 678–79. A plaintiff is not required to prove her case in the complaint, *see, e.g.*, *Robertson v. Sea Pines Real Est. Cos.*, 679 F.3d 278, 291 (4th Cir. 2012); *Scott v. City of Durham*, 20-CV-558, 2021 WL 3856168, at *2 (M.D.N.C. Aug. 27, 2021), but the complaint's

allegations should "allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (cleaned up).

The plaintiffs' unfair and deceptive trade practice claims clear the plausibility bar. They allege that State Farm's valuation methodology violates North Carolina insurance regulations and that its use of that methodology constitutes an unfair and deceptive trade practice both *per se* and as a violation of the state's public policy. Doc. 28 at ¶¶ 101–103, 108. As the Court previously determined, taking the factual allegations of the complaint as true, it is plausible that State Farm is committing an unfair trade practice by systemically underpaying claims. The plaintiffs identify a number of potential problems with the alleged double-deduction used by State Farm and a number of ways State Farm's practices violate applicable insurance regulations.[5] *See id.* at ¶¶ 47–51, 64–67.

State Farm contends that the North Carolina insurance regulations do not prohibit the adjustments alleged by plaintiffs. But, to support this contention, State Farm relies upon facts asserted in its own brief, and attorney argument, outside of the allegations in the complaint. It maintains, for example, that "because *a dealer-listed vehicle will typically be in at least somewhat better condition than a private party's vehicle*, CCC applies the condition adjustment as one step in the process." Doc. 31 at 18 (emphasis added). None of that emphasized information is in the amended complaint. In fact, the

[5] The Court's prior order sets forth a more detailed discussion of the North Carolina Administrative Code provisions underlying the plaintiffs' claims, which discussion applies equally to the allegations in the amended complaint. Doc. 18 at 8–9 n. 4.

amended complaint says the reduction applied by State Farm "is *not* tied to the condition of the comparable vehicles" but rather is a "software-generated deduction from the retail cost." Doc. 28 ¶ 57 (emphasis added). State Farm's contention falters at the outset.

State Farm urges the Court to follow an Eleventh Circuit case, *Signor v. Safeco Insurance Company*, that interpreted a Florida statute "like the North Carolina total loss regulation." Doc. 31 at 19 (citing 72 F.4th 1223 (11th Cir. 2023)). But *Signor* is inapposite at this juncture for two reasons. First, *Signor* was decided on a summary judgment motion. 72 F.4th at 1226. As this Court already noted, "whether State Farm's valuation methodology violated North Carolina regulations and statutes involves questions of fact that cannot be decided at the motion to dismiss stage." Doc. 18 at 9–10 (cleaned up).

Second, the Florida statute provides that the actual cost of a comparable vehicle "may be derived from" one of three enumerated methods. *Signor*, 72 F.4th at 1229 (quoting subsection (5)(a) of Florida statute). The North Carolina regulations do not have a "derived from" step in the analysis with three enumerated methods. *See, e.g.*, 11 N.C.A.C. § 4.0418(d).[6]

State Farm contends the plaintiffs "elected not to substantively engage with [its] arguments" on the Chapter 75 claims, and that this Court "has discretion to find Plaintiffs abandoned their claims and their opposition." Doc. 36 at 10. This misses the mark. In

[6] State Farm also relies upon this Court's decision in *Fortson v. Garrison Prop. & Cas. Ins. Co.*, 2022 WL 198782 (M.D.N.C. Jan. 13, 2022), and decisions denying class action certification based on similar insurance practices. Doc. 31 at 18, n.7 & 20 n. 8; Doc. 36 at 5. Those decisions likewise are inapposite because they arose in different procedural postures.

fact, the plaintiffs maintain, correctly as it happens, that the Court already addressed the substance of State Farm's arguments and that State Farm can't raise them again in a second motion to dismiss. Doc. 34 at 8–9. The Court need not delve into this procedural debate, because State Farm's contentions in the present motion do not prevail in substance.

That part of State Farm's motion seeking dismissal of the unfair trade practice claims for failure to state a claim is denied.

## III. Lack of Subject Matter Jurisdiction

### A. Declaratory Judgment

State Farm seeks an order dismissing claims for declaratory relief, brought by plaintiffs individually and on behalf of a declaratory judgment class, for lack of subject matter jurisdiction. Doc. 30 at 2. State Farm contends that plaintiffs lack Article III standing to assert their declaratory judgment claims, because they are based solely on future events that are hypothetical and conjectural. Doc. 31 at 21–23. The Court agrees.

The Court previously denied State Farm's motion to dismiss a declaratory judgment claim for failure to state a claim. Doc. 18 at 10–11. But the original declaratory judgment claim was based on past conduct of State Farm. *See id.* at 10 (quoting Doc. 1 at p. 24 ¶ 6 (seeking an order "declaring State Farm violated North Carolina law")). The plaintiffs now have dropped that basis for declaratory judgment and have asserted instead a declaratory judgment claim based solely on future events. *See* Doc. 28 at ¶ 5 (seeking relief on behalf of a "prospective class of State Farm insureds that will be harmed on future claims"), *see also id.* at ¶¶ 79–80, 86, and p. 32. This exclusive

reliance on future events that are hypothetical and conjectural defeats Article III standing for the declaratory judgment claim.

"Standing is not dispensed in gross." *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 581 U.S. 433, 439 (2017). This means that the plaintiffs "must demonstrate standing . . . for each form of relief that is sought." *Id.* Because the plaintiffs seek a declaratory judgment only for future, prospective, relief, they must demonstrate that they have standing to seek such relief. *Savage v. Maryland*, 896 F.3d 260, 274–75 (4th Cir. 2018).

"A party facing prospective injury has standing to sue where the threatened injury is real, immediate, and direct." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008). "Past wrongs do not in themselves amount to that real and immediate threat of injury necessary to obtain prospective remedies." *Garey v. James S. Farrin, P.C.*, 35 F.4th 917, 923 (4th Cir. 2022). A plaintiff must face a "real and immediate threat of future injury" to obtain "prospective . . . declaratory relief." *Savage*, 896 F.3d at 274–75.

Here, none of the plaintiffs have alleged or shown evidence of a real and immediate threat of future injury to themselves. Each is seeking damages for past injury due to an allegedly underpaid accident claim. None has shown that any future injury is real, immediate, and direct. There are multiple hypothetical and conjectural events that must take place for a future injury to occur, including a future car accident, one of sufficient severity to total a plaintiff's car, and (for the plaintiffs other than Ms. Barrier) having a car insured by State Farm. None are alleged in the complaint or demonstrated by the present record.

The plaintiffs maintain it is sufficient that State Farm "pays more than 10,000 total-loss claims each year in North Carolina using the challenged practice" and that Ms. Barrier remains insured by State Farm. Doc. 34 at 12–13. The plaintiffs are correct that the claim can proceed if one plaintiff has standing, but the hypothetical future injury Ms. Barrier asserts here does not rise to the level of a real, immediate, and direct threat of future injury.

The plaintiffs rely upon *Kenny v. Wilson*, 885 F.3d 280, 288 (4th Cir. 2018) and *Wells v. Johnson*, 150 F.4th 289, 296 (4th Cir. 2025). Doc. 34 at 13. The first is inapposite, and the second exemplifies what is lacking here. In *Kenny*, the plaintiff had standing to assert his First Amendment claim because the alleged actions by the government deterred him in "the exercise of his constitutional rights" and by "self-censorship," chilling him "from exercising his right to free expression." 885 F.3d at 288. No such ongoing injury or threatened injury is present here. In *Wells*, the court held that the plaintiff had no standing to seek prospective declaratory relief in order to "ward[] off future arrest or prosecution" for future protests. 150 F.4th at 296. A similar result is necessary here in the context of future accidents and future accident claims.

The plaintiffs' request for prospective declaratory relief will be dismissed for lack of subject matter jurisdiction.

### B. Plaintiff Brewer

State Farm contends that Mr. Brewer lacks standing to assert any of his claims as a lessee and not an owner of his car. Because there are disputed issues of fact that cannot be resolved on the present record, State Farm's motion in this part will be denied.

In a factual challenge to subject matter jurisdiction, the defendant contends "that the jurisdictional allegations of the complaint [are] not true." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). District courts may treat the allegations in the complaint as "mere evidence on the issue" of subject matter jurisdiction and may consider documents provided by the parties "without converting the proceeding to one for summary judgment."[7] *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Zeigler v. Eastman Chem. Co.*, 54 F.4th 187, 200 (4th Cir. 2022). Dismissal for lack of subject matter jurisdiction is appropriate "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Zeigler*, 54 F.4th at 194 (cleaned up).

Here, State Farm has not shown that the material jurisdictional facts are not in dispute, as applied to Mr. Brewer. Mr. Brewer has shown that there is at least a genuine issue of material fact as to whether he has some interest in his leased vehicle that is impaired by State Farm's alleged underpayment of his accident claim. For example, his policy states that vehicles leased for six months or more are considered "owned" by the insured. Doc. 32-1 at 12 (Policy at 2). In addition, he made a $25,000.00 down payment, Doc. 32-4 at 3, and this reduced the amount of his option to purchase the vehicle in the event of early termination. *See id.* at 7 ("purchase option before maturity"). North Carolina law also recognizes that a "plaintiff is entitled to insurance proceeds to the

[7] But courts should decline to resolve relevant factual disputes until after appropriate discovery if "the jurisdictional facts are inextricably intertwined with those central to the merits." *Kerns v. U.S.*, 585 F.3d 187, 193 (4th Cir. 2009).

extent of his interest in the vehicle" even if he is only a lessee. *Hartsell v. Integon Indem. Corp.*, 126 N.C. App. 511, 513, 485 S.E.2d 893, 895 (1997) (Greene, J., dissenting), *rev'd for reasons stated in dissent*, 347 N.C. 385, 493 S.E.2d 740.

State Farm contends the plaintiffs have "a faulty understanding of automobile leases," and that neither "upfront payment, nor any of the subsequent lease payments, results in equity in the vehicle." Doc. 36 at 12–13. It points out that the lease agreement states that the lessor, Genesis Finance, "own[s] the Vehicle solely." Doc. 32-4 at 8. But these arguments draw inferences from conflicts in the evidence in the light most favorable to it. The Court cannot adopt that approach. *Zeigler*, 54 F.4th at 194.

State Farm also sweeps aside *Hartsell* as "dicta in a footnote of a dissenting opinion." Doc. 36 at 13. But that dissenting opinion was adopted by the North Carolina Supreme Court, and its reasoning is contrary to State Farm's present position. The Court leaves resolution of the competing inferences, and these uncertainties in the law, for a later juncture.

State Farm's motion to dismiss in this part will be denied. The claims brought by Mr. Brewer, except for the declaratory judgment claim, will be allowed to proceed.

## IV. Conclusion

The plaintiffs have alleged sufficient facts to state plausible Chapter 75 claims, and State Farm's motion to dismiss for failure to state a claim will be denied. They have also demonstrated disputed issues of fact as to Mr. Brewer's standing, such that State Farm's motion to dismiss in this part will be denied without prejudice to renewal. By contrast, because the plaintiffs have neither alleged nor shown imminent injury, their

request for prospective declaratory relief will be denied, and State Farm's motion to dismiss in this part will be granted.

It is **ORDERED** that:

1. That part of the defendant's motion to dismiss, Doc. 30, seeking dismissal of the unfair trade practice claims is **DENIED**.
2. That part of the defendant's motion to dismiss, Doc. 30, seeking dismissal of the plaintiffs' request for prospective declaratory relief is **GRANTED**, and this request is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.
3. That part of the defendant's motion to dismiss, Doc. 30, seeking dismissal of the remaining claims by Mr. Brewer is **DENIED**.

This the 4th day of November, 2026.

SENIOR UNITED STATES DISTRICT JUDGE